264 A.2d 329.

STATE vs. HAROLD L. SUMMEROUR.

APRIL 24, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is an indictment charging the defendant with robbery. The jury convicted him and, after denying his motion for a new trial, the trial justice sentenced him to a term of ten years. The case is before us on the defendant's bill of exceptions.

In December 1966, John Henry Tigges was employed as manager, and David Howard Allen as a clerk, at the Cumberland Farms store, a retail milk outlet, on Hope Street in the City of Providence. At about 6 p.m. on the night of December 30, 1966, while Allen was behind the cash register counter and while Tigges was in the milk cooler located in the rear of the store, a customer Nathan T. S. Chernov entered, followed by three men. After the defendant had struck Chernov on the back of the head with a gun, he and his associates took wallets from Chernov, Allen, and Tigges; took money from the safe and cash register; forced the latter three to lie on the floor, and then fled. Shortly thereafter the police arrived and received a report of what had happened and a description of the robbers.

At about 6:30 p.m. Allen and Tigges went to the Providence police station where they looked through files of pictures in an attempt to identify the robbers. After ex-

amining the files for about one half hour, they identified the defendant from one of the pictures given them by an officer.

Later that evening, possessing information that a man wanted for an unrelated incident, for whom they had a capias, was in a building at 116 Camp Street, the Providence police raided that location. While searching the building, they found the defendant and personal papers of Allen and Tigges. The police took defendant into custody and brought him to the police station. At about 10 p.m. Allen and Tigges, at the request of the police, returned to the police station where, in a line-up of six Negro men, they independently identified defendant, a Negro, as one of the robbers. They also identified papers which they claimed had been taken from them in the robbery. The defendant was thereafter charged, indicted, tried and convicted of robbery.

The defendant's argument consists of six issues. Only one of these is based upon an exception reserved by defendant. It is well settled that our review in a criminal case is limited to rulings made during the trial to which exceptions have been properly reserved. *State* v. *Quattrocchi,* 103 R. I. 115, 117, 235 A.2d 99, 101; *State* v. *Wright,* 105 R. I. 556, 564-65, 253 A.2d 593, 597-98. Since defendant has failed to persuade us that there was a multitude of errors whose cumulative effect was to deprive defendant of his constitutional right to a fair trial, strict compliance with the above-mentioned procedural requirement will not be excused. See *State* v. *Pepper,* 103 R. I. 310, 318, 237 A.2d 330, 335, and *State* v. *Quattrocchi, supra,* n. 1, at 117, 235 A.2d at 101. Therefore, the only issue properly before us for review is the one based upon defendant's exception to certain remarks made by the prosecutor about a goatee in his closing argument to the jury.

In his closing argument to the jury, the prosecutor re-

ferred to certain questions put to Allen while under cross-examination by defendant's counsel inquiring whether the person who held him up had a beard or a goatee. Specifically, he was referring to the following questions and answers on pages 102 and 103 of the transcript:

"Q: Now with respect to the defendant at the line up, did you notice any other hairy growth about the face?
"A: No sir.
"Q: With regard to the person that held you up, did you notice — strike that — With regard to the person in the line up, did you notice a beard or goatee so-called?
"A: No sir.
"Q: Would you say that he was not wearing one?
"A: Not to my recollection.
"Q: You don't remember?
"A: No sir.
"Q: Now with regard to the person that held you up, as you have testified, other than the growth which you have already described, was there a goatee on that person?
"A: No sir.
"Q: That you are absolutely sure of?
"A: Yes sir."

In commenting on that portion of defense counsel's cross-examination of the witness Allen, the prosecutor said:

"* * * and Mr. Rao talked about a goatee. Did you hear him produce any evidence about the goatee? Of course not, because he didn't wear one."

The defendant's counsel interrupted the prosecutor's argument by stating:

"I except to that remark about producing any evidence on the part of this defendant."

He made no motion to pass the case, and he requested no ruling. Neither did he request any precautionary instruction. The trial justice noted his exception, and we shall

treat it as one properly reserving his right to challenge the remarks in question.

We find no error. While it is true that defendant was under no compulsion to produce any evidence in his defense, it is equally true that the prosecutor could comment on any evidence which defendant himself had brought upon the record. As we construe the prosecutor's remarks, he was not commenting on the defendant's failure to take the stand in his own defense. His language is plain and unambiguous. He limited his question to defendant's failure to "produce any evidence about the goatee," a matter which, as we have previously stated, defendant's counsel brought on the record. In our judgment, these remarks, in the context in which they were made, do not come within the strictures prohibited by *Griffin* v. *California,* 380 U. S. 609, 85 S. Ct. 1229, 14 L.Ed.2d 106, *rehearing denied,* 381 U. S. 957, 85 S. Ct. 1797, 14 L.Ed.2d 730, applicable to the states by *Malloy* v. *Hogan,* 378 U. S. 1, 84 S. Ct. 1489, 12 L.Ed.2d 653.

The exception which defendant has briefed and argued is overruled; those neither briefed nor argued are deemed to have been waived; and the case is remitted to the Superior Court for further proceedings.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, *Scott K. Keefer,* Special Assistant Attorney General, for plaintiff.

*Carmine A. Rao, Joseph G. LeCount,* for defendant.